We will hear Knaff v. Delaware Title Loans. Good morning. My name is Robert Salvin, and I represent the appellant in this case, Tia Knaff. And I would like to reserve two minutes for rebuttal. Two? Two minutes, Your Honor. In this case, we're challenging the enforceability of an arbitration clause contained in an automobile title loan contract. It's our contention that this clause contains multiple unconscionable provisions that render the masterly Miss Knaff's remedies against her. Well, before we make the conclusion with respect to unconscionability, don't we have to say unconscionability under some state law? And which state law do you think we should apply? And they are different. Delaware and Pennsylvania are not the same. Alas. We do contend that Pennsylvania law, to the extent that the application of Delaware law would violate the fundamental policy of Pennsylvania law, that the choice of law clause should be invalid to that extent. Though I'd also like to point out, though, Delaware law, I don't think it's that different. There might be specific presidents that are different, but Delaware law, and this is a case of- Well, Delaware doesn't have a usury law, for example. No. I mean, that's pretty fundamental, isn't it? Yes, but that gets to the merits. Delaware has a legitimate interest in its corporations and in the provision of a non-regulated market for interest rates. Right? But I would just point out- You have to show under the restatement provision, which the district judge didn't even discuss choice of law, didn't even mention that there was a choice of law provision in the contract. But you have to show us that Pennsylvania has a materially greater interest- Well, I think Pennsylvania's materially greater- That Delaware does. I think Pennsylvania's materially greater interest flows from the fact that the borrower lives in the Commonwealth, that all the negative effects of this transaction will occur here in the Commonwealth of Pennsylvania. The borrower, they came into Pennsylvania and took her car, then she's left as a Pennsylvania citizen without a car in our Commonwealth so that she can't get to work. I think those connections and create- Who should decide the question of which law applies? Well, on the merits- No, no. Okay. Which court should decide that issue? With respect to the arbitration clause, the district court or this court- No, the law that applies, yeah. Well, this court, with respect to the arbitration clause- It's not so clear, is it? Couldn't the arbitrator decide it? The arbitrator will have to cross that bridge as well, at least with respect to the merits. No, no, no, no, no. We have to decide whether it goes to arbitration, right? That's correct. And which law? So does the- When it goes to arbitration, can the arbitrator decide which law applies? Yes. On the questions that the arbitrator will address, which will be the merits. No, no. Oh, I see. And you're saying that different law may apply to different provisions? Yeah, it is confusing because, you know, we have to decide here whether just the arbitration clause part of the contract is enforceable, not ignoring any of the merits. I'm sorry. Are you saying it's unconscionable to have an arbitration clause or the rate of interest is unconscionable, or the repossession of a car is unconscionable, or something else? I'm saying that there are specific clauses in this arbitration clause that are unconscionable. Under whose law? Under Delaware law or Pennsylvania law. I would like to- No, don't you- I think page 41 in the blue brief can see that, for example, the class action waiver clause is not unconscionable under Delaware law. Well, actually, I'm not certain about that because this Court decided- Well, it is not what you say in your brief. Well, let me refer it to a case, if I may, because the answer is that, because this Court decided the Johnson v. West Suburban Bank case, and that was a Delaware case. And that case held that an arbitration clause was valid as long as the consumer litigant was able to collect attorney's fees in the proceeding. But the problem with this arbitration clause, and one of the clauses that we contend is invalid, is the cost-sharing provision. And that provision prevents Ms. Knapp or any of the borrowers from Delaware Title Ins. It tells them that in an arbitration proceeding, they have to bear their own attorney's fees and costs. That clause happens to take away from Ms. Knapp and all of Delaware Title Ins. Getting to the merits of the specific, or the unconscionability, merits of a specific- Why didn't anybody cite the Third Circuit opinion in Delta funding, which is 2006, which came from New Jersey, and the New Jersey Supreme Court, which I wrote, so that's how I know about it, which talks about unconscionability of these various provisions and says what the arbitrator has to, and I think I actually said, I don't ordinarily do this, I said, I'm putting this out so the district judges can know that these things can be decided by arbitrators. You didn't cite it. They didn't cite it. Cited it for some other little reason. I can't understand that. Does Delaware have a certification procedure? I'm not certain whether Delaware has a certification procedure, actually. If Delaware has a certification procedure, should we certify to Delaware the fact, which is what we did in Delta funding when we sent it to New Jersey. Pardon? And in Sally, where it was certified to Pennsylvania Supreme Court. Okay, and in Sally. So what do you think? I mean, should we certify to Delaware the question of one, which law applies, and two. I don't think the court needs to do that because this court's already decided that in the Johnson case. That was a Delaware case. That was a Delaware plaintiff versus a Delaware defendant. It arose in Delaware, it came to this court, and the court decided, the court decided the rule that it also reaffirmed in the Gay case, that if the attorney's fees aren't available in the arbitration clause, then there's no incentive to bring a lot. Okay, but that's a specific provision. That's one of the many provisions that you claim are unconscionable. But there's a more basic underlying question. We're not going to invalidate the applicability of the arbitration clause just because it happens to say that attorney's fees are not available. That's not a sufficiently fundamental. I'm just telling you. I mean, I don't know. Right, well, if I can go on from there. It's not a fundamental policy issue. It goes one way or the other. So it may have decided that one point, but my question is, isn't there a whole question with respect to the arbitration? You have to apply a law. Well, even if Delaware law applies, I think that that, I do think that. Isn't that the first question? That wasn't ever decided here. The district judge never did a choice of law analysis. She assumed that even if Pennsylvania law applied, as we argued, that it wouldn't be applicable. That's right. That it wouldn't be unconscionable. But she never mentioned the word Delaware in the opinion. She never cited one Delaware case. I would like to cite a Delaware case. It's not in my brief, though. I really want to bring it to the court's attention. It's called Worldwide Insurance Group versus Klopp. Hold it, hold it. Worldwide Insurance versus who? Klopp, K-L-O-P-P. K-L-O-P-P. Klopp. And it's 603 Atlantic 2nd, 788. Hold it. I have secretaries who do this. 603A 2nd. 788. What year? It's a 1992 Delaware Supreme Court case. Why didn't you put it? If it's relevant, why didn't you put it in your brief? I was concentrating on the Pennsylvania law aspect of it, but this case was later brought to my attention. And it's a Delaware case that invalidated an arbitration agreement in an insurance contract. And in the case, an automobile insurance contract. The particular clause allowed an appeal from arbitration to a trial de novo in court if an award was over the state minimum financial responsibility requirements. And the Delaware Supreme Court looked at that and said that it was too unfair. They described it as unfairly structured, that it circumvented the arbitration process and provided an arbitration escape device in favor of an insurance company. So the point being that there is a law of unconscionability in Delaware. Although they have specific presidents, like there's that one Delaware case that did seem to uphold the class action waiver. That's also perhaps at odds with this court's decision in Johnson, which was a Delaware case. Did it apply Delaware law? It's a good question whether it applied Delaware law. It might have applied federal law interpreting the Federal Arbitration Act. It didn't really specify. But this holding that came up in both Johnson and Gay was that if attorney's fees aren't available, the class action waiver would be invalid. Couldn't the attorney's fees, the cost of fees provision be severed? I would like to refer the case to the case of Alexander v. Anthony International. Is this in your brief? Yes. Oh, good. Okay. And that was another case decided by this court that dealt with an arbitration clause that had multiple unconscionable provisions. And what the court did was struck the entire arbitration agreement, holding that it was tainted by illegality. I would also like to point out. I have a fundamental problem here. I mean, citing cases from different states. From this court. But we have to know, as a first principle, what law applies here. Okay. I mean, you're citing a Delaware case. You're citing a Pennsylvania case. But isn't the very first decision, isn't this case essentially simple if one does the choice of law analysis at the outset, which is what should have happened here? But the answer, of course, to Judge Barry's question, is it may be that this court can't decide, or doesn't have to decide the choice of law. It can go to the arbitrator. In which case, we just say go to the arbitrator. But that's to figure out the merits, not the enforceability of the arbitration clause. No. No. No. The choice of law issues can go to the arbitrator. And the Supreme Court of the United States has so said.  or how would the district court know what law to apply? No. The arbitrator decides it. And then send it back to the district court? No. The arbitrator decides the choice of law, and then decides the merits with respect to the unconscionability. Well, on the merits, but we're talking right now just the choice of law to apply to the arbitration clause. Well, that's exactly what. Okay. We can't consider the merits. And that's a very confusing point. Well, this was a very confusing point. It's not confusing to me. I mean, and I get confused. Believe me. But if, in fact, the arbitrator can decide which law applies, then the arbitrator decides which law applies and then evaluates the unconscionability allegations under the law that applies. And then that goes, and then there is an appeal process from that. Well, I have a red light. Why is that confusing? Because the arbitrator, because the court has to send the case to the arbitrator. Of course the court sends the case to the arbitrator. But the court has to decide what law to apply to that. And the court says to the arbitrator, decide the choice of law. But that would be on the merits, not on whether the case should go to arbitration. No. Which law applies? And which law, you're saying there should be no arbitration at all? Yes. Okay. Even though there's an arbitration provision. Well, I think the, well, for all the reasons I stated, I think the arbitration clause is unconscionable. But it would be fine if it was said. Somebody has to decide that the arbitration clause is unconscionable. And to do that, that will depend on which jurisdiction's law applies. You know, if this could be sent to arbitration without any limitations. You don't mind arbitration as long as there's no class action waiver. Right. You don't mind arbitration as being a class action waiver. Right, exactly. If the arbitrator could really decide all those issues, if there were none of these restrictive provisions in the arbitration agreement, and it just said let's go to arbitration and decide everything, no, we wouldn't have a problem. Okay. These are restrictive provisions that emasculate. Okay. I think we understand. So it's for the arbitrator to decide the validity. Of the arbitration clause? I mean, normally courts decide that, though. Okay. Thank you. Thank you, Your Honor. But they don't have to. That's interesting. Yes. I'm not aware of that clause. Yeah, I have it. May it please the Court, Mark Levin for a Pele, Delaware title. Your Honors, I respectfully submit that this Court can decide the issue of choice of law. Can it go to the arbitrator? I don't think it would be proper to send it to the arbitrator. The Supreme Court of the United States, in a case called Segura S.A. v. Reifer, 515 U.S., 528, 1995, said the following. Now, that was foreign law versus, you know, none. But it said, under the circumstances of this case, the Cogsa case. I've just had a Cogsa case. Cogsa cases are not my favorite. But under the circumstances of this case, however, the First Circuit was correct to reserve judgment on the choice of law question as it must be decided in the first instance by the arbitrator. Well, I'm not familiar with that case. Neither was I, but I have a good law third. Obviously. My position would be that the issue of state law at this juncture is in the context of determining what state law would apply to the extent that state law informs upon federal arbitration principles under the Federal Arbitration Act. And what law do you think should apply if the district court has this authority? We believe the Delaware law should apply, and we cited Delaware cases in our brief. We also cited Pennsylvania cases. Your opponent says Pennsylvania law should apply, but didn't the district court use Pennsylvania law? Well, I think the district court bent over backwards to give the plaintiff the benefit of the doubt and said even if Pennsylvania law applies, the plaintiff should still be compelled to arbitrate. But let me come back to you. He doesn't mind arbitrating. Apparently, there doesn't seem to be a dispute between the parties as to referring it to arbitration, provided the arbitrator has the freedom to decide all the questions, including choice of law, the validity of the class action, the no class action provision, who pays the attorneys, or whether it comes back or not. I mean, is that right? I mean, do you all agree that it can go to the arbitrator who can decide, which seems to be the way the Supreme Court … Absolutely not, Your Honor. I mean, in the Basel case, Basel v. Greentree, the United States Supreme Court was confronted with the issue of who decides whether an arbitration clause that is silent on whether there can be a class action. Who decides whether there can be a class action? And they said in that case where the arbitration clause was silent, then that was a matter of contract interpretation for the arbitrator. But that's not what we have here. We have a case, an arbitration clause that has an express class action waiver. Yeah, but the issue is that they say is that clause is unconscionable because it means that effectively no one gets to court to, or no one gets to challenge all of these unconscionable provisions because these are little claims. These are, you know, tiny little claims, and no one person. It happens that they're pro bono group. But the point is no little, no person. It can't be challenged that you have effectively, by putting that no class action provision in, insulated the contract from review. Well, Your Honor. So you're telling us that we should go along with that insulation without ever giving, ever having that challenge before a neutral entity. Your Honor, this Court has decided at least six cases over the past decade in which it upheld arbitration clauses that required individual arbitration. We cited them in their brief, but. Are they little, little claimants? You see, you try to get around Judge Slovener's question by taking the position that this is not a small value case. Well, the district court, Judge Berry, held that it was different than the kind of value that was involved in the Thibodeau case. The district judge said that plaintiff does not argue this is a small value case. That's what the district court said. All right? I ask you a very different question. You say in your brief this is not a small value case. Although you concede the maximum she can get if damages are trebled is $845. Well, Your Honor, it's very much like the type of Truth in Lending Act or Fair Credit Billing Act, Fair Credit Reporting Act case where class actions are permitted, but the vast majority of those cases, as we pointed out in our brief, are brought individually because there is an opportunity to recover attorney's fees and the arbitration clause. Which you don't have here. No, no. I respectfully disagree, Your Honor. The clause — You say that it can be recovered even though it's not in the agreement. Well, it is in the agreement. It is. It's in the agreement because the American Arbitration Association, the AAA — Look at the agreement. — is named as the administrator. The agreement prevents attorney's fees. Parties to bear their own costs. That's an expression of the American rule, but the agreement also names the American Arbitration Association and under the — It doesn't incorporate all the provisions. Under the AAA rules, and I refer the Court to A105 of the appendix, AAA Commercial Rule 1 says the party shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the AAA of a domestic commercial dispute without specifying particular rules. I'm not sure you'll count this as a domestic dispute. And the arbitrator does not have to give, is not required to award fees. He has the discretion under the AAA rules to do so, right? As I understand the AAA rules and the consumer rules, which are an adjunct to the commercial rules which would apply here, the arbitrator is required to apply applicable substantive law. How is somebody whose car has been repossessed supposed to know that the arbitration provision incorporates rules of the AAA that are not articulated specifically in the agreement? Well, the Federal Arbitration Act does not require tremendous detail to be in a clause. The answer is they're not supposed to know.  If they weren't supposed to know, we wouldn't mention the AAA at all. Well, you're telling us. But we're not. My car has not been repossessed. Well, anyway, I don't say it on, you know, but that's not the point. Well, let me just say that Ms. Knauss. Somebody who owns, who gets $350 a week pay. By the way, where is the car now? She has had it since October of 2006. It was returned to her, and that's the point. Returned to her by, under a TRO. Well, she claims that because she's subject to the arbitration agreement, she doesn't have a right to challenge anything in court. But that's not right. We pointed out in our brief, under the AAA rules, a consumer can go to court for interim relief without being in any way inconsistent with the arbitration agreement. And this court, including Judge Siler in particular, has ruled that a court has jurisdiction to issue preliminary injunctive relief to preserve the status quo pending arbitration. That's what happened in this case. So somebody who gets $350 a week is supposed to hire a lawyer to go to court to get the TRO? You know, people don't, how many arbitrations, let's say in the last year, it's not in the record, but you know, has DTL been subject to? Well, there are at least two more because my opponent, Mr. Two arbitrations in a year? No, two orders to go to arbitration. But you have to go to court to get them. He sued in court, and I moved to compelled arbitration. Mr. Salvin brought two individual actions. You're used to each other. Through papers. Today's the first day we've met in person. If your client goes to arbitration, are you willing to concede before the arbitrator that the opponent is entitled to attorney's fees if she prevails? Absolutely. And we've been consistent with that from the very beginning. We've never argued otherwise. Why doesn't it say that then in the contract? Well, I think it does through the reference to the AAA. Yeah, but it's a lady who goes to work. How does she know what AAA requires? Well, Section 5 of the Federal Arbitration Act says. We're talking about low-income people. How do they know all this? I don't think that a distinction should be drawn. I mean, under Section 5 of the FAA, even if there's no mention of an arbitrator or an arbitration organization at all, a court can appoint an arbitrator. I mean, you can have a situation where it used to be, back when arbitration was starting, that an arbitration clause would just say, any dispute shall be resolved in arbitration. You know, I'm old enough to remember when it was just starting. So let me ask you, if you then convince us that we should strike the provision requiring arbitration, okay, do you agree that all the other provisions must be decided? Well, that's his position, yeah. But do you agree all the other provisions have to be decided by the arbitrator? Well, I'm a little confused by the beginning. Yeah, I'm sorry. That was a question to him, and I didn't ask it. So delete the beginning and say, you think everything can be decided by an arbitrator? No, I think the validity of the arbitration clause is for a court to decide. In the Gay case from the circuit, 511F3-386, a court, I'm quoting, a court asked to state proceedings pending arbitration must determine whether there is a valid agreement to arbitrate. And the U.S. Supreme Court in Howsam v. Dean Witter, 537 U.S. 79 at page 94, said the court determines whether the arbitration clause is enforceable. The 11th Circuit in the Jenkins case. Okay. Now, we have questions. Yes. I do, anyway. See, this one I have a lot of questions. Do you agree that if Pennsylvania law applies, this loan would be usurious under Pennsylvania law? I have no opinion on that. Okay. Is Pennsylvania's usury law basic or fundamental Pennsylvania policy? It is certainly a policy of Pennsylvania, but it is also riddled with a lot of exceptions. There have been exceptions all through the years for various types of businesses. Are there exceptions for car loans? Well, it all depends. Are you suggesting that if Pennsylvania law applies, its usury law would not be applicable to this contract? If Pennsylvania law applied, I assume that Pennsylvania usury law would apply. And if Pennsylvania usury law, you said when I asked you about that, you said it's a lot of exceptions, and I just want to know, are you arguing that this loan would be an exception? What I was suggesting was that there are a lot of exceptions to the conclusion that something is usurious. I think this is about 300% interest. You think 300% interest is not usurious under a Pennsylvania law that has a 6% usury? Your Honor, that's a merits question. No, I just want to know what your position is. Our position is that it's governed by Delaware law. Okay. But if Pennsylvania, you have to give us the option to do hypotheticals. If Pennsylvania, I mean, even the Supreme Court does hypotheticals. If Pennsylvania law applies, are you suggesting that because you told me there were lots of exceptions to its law, that this would be one of the exceptions? I have not analyzed that, Your Honor. I have not analyzed whether it is subject to the 6% statute that he cites or whether there's some other statutory provision that would be applicable. But you're here to uphold the district court's decision, and the district court used Pennsylvania law, even though the district court didn't say what the choice was. All we're doing at this juncture is using state law to the extent, and it's only a limited extent, that state law is involved in determining whether an arbitration clause should be enforced under the Federal Arbitration Act. And under the Act, only generally applicable state law principles can be raised as a defense. And we moved to compel arbitration. Ms. Knapp and her lawyer said this is unconscionable. And so state law then becomes relevant in determining, because unconscionability is not generally federal common law, so you look to a law of the state. That's why we send them. What percentage of your loans are to Pennsylvania citizens? I don't know the percentage. We've given a dollar amount for the four years that we're proceeding. Three million plus. Three million eight, I think it was. Yeah, that was to keep us at bay in not asking you questions about what the jurisdiction is here. Because you removed on the basis of the Class Action Fairness Act, alleging the jurisdictional amount of over $5 million. And the moment it was removed, you say, oh, there's no class action. Her damages are capped at $824. So I asked the question, is there really jurisdiction here? Yeah, absolutely there is federal jurisdiction. Well, why? No jurisdiction appearing off the face of her complaint. We made the argument that under the Loan Interest and Protection Law, there's not a right to a class action. But he has also sued under the Uniform Trade Practices and Consumer Protection Law, where conceivably there could be a class action, and the damage is there. You explicitly removed under the Class Action Fairness Act. Correct. Okay. Yes. And that requires $5 million. $5 million. That's correct. And the moment you got here, you're saying, got to compel arbitration because she has no right to a class action. She waived it, and her damages are capped at $824. Well, Your Honor. $845. I mean, I don't know. Is that it? You just pick any federal statute and say. I think we're mixing apples and oranges. No, I don't think we are. Well, Your Honor. Well, why don't you just answer the question? There are numerous cases in which federal jurisdiction, which is determined at the time of removal, and basically on the face of the complaint, attaches. And then the next thing that happens is the defendant moves to dismiss the case under 12b-6, or moves to compel arbitration. A lot of cases where it's removed under a diversity basis, and it goes through a trial, and $20,000 is it worth. I didn't see here the end of the. That was the beginning of your sentence. What's the end? Where does it lead you? Once federal jurisdiction attaches, that attaches. You can always question whether federal jurisdiction appropriately attaches. The question is whether. I used to teach civil proceedings. Yes, of course. Once federal jurisdiction has attached, the question is, is it inconceivable that Ms. Knapp could ever, beyond legal certainty, that Ms. Knapp could ever establish a case that would result in $5 million. And yet she can't use the class action, which you say she can't do under your contract. Well, Your Honor, he can still. I mean, how do you multiply $845 if you can't do it by a class action? Well, if a case is removed under CAFA, and then class certification is denied, that's not the end of federal jurisdiction. The court still goes on to decide the merits of the case. Well, if there's otherwise jurisdiction. Well, I don't know if that's re-evaluated or not. And you'll say, well, it's over $75,000. Then you find out he's, you know, all he's entitled to is nominal damages. There are no attorney's fees. There are no costs. There's no jurisdiction. Well, but cases, I mean, the federal court makes that decision. There's a federal decision. Did you have discovery in the district court? No, and the plaintiff did not ask for any. And the district court didn't enter a pretrial order that says everybody's discovery requests have to be in by X? No, Your Honor. Didn't do anything? And you asked for the district court to do a choice of law analysis. Well, we certainly briefed it, yes. Yeah, and you briefed it, and she didn't do it. But she never even discussed usury. Well. Even though she dealt with Pennsylvania law only and discussed unconscionability under Pennsylvania law, she never even used the word usury. Mr. Salvin, in his openings, said that usury is a merits issue. Well, it is a merits issue, but it's also relevant on choice of law. Well. If it's fundamental policy. If it's fundamental policy. I submit that under the. Which has to be weighed in determining whose law applies. Well, but you would still have to conclude that Pennsylvania had a materially greater interest. That's right. Than Pennsylvania. That's right. And this is a loan agreement that was entered into and signed in Delaware. Yeah, because you made the person come. We didn't make anyone come. She drove to Delaware. If somebody wants to take out a loan from DTL. And, boy, you have to be pretty desperate to want to take out a loan from DTL, as far as I can take. So if somebody desperate needs to take out a loan, you don't send them the papers and say, sign the papers, and we'll give you the money. I mean, there's a lot of loans going on from Pennsylvania to California. Well, we don't have offices in Pennsylvania. That's right. So you don't offer a prospective borrower the opportunity to complete the contract in another state. So when I say you make them come to Pennsylvania, to Delaware, that's the fact, right? Well, if they would like a loan with Delaware title. Exactly. They come to Delaware, where we have our offices, where we are licensed and regulated. Right across the border. Well, she drove 30 miles to get there. It doesn't take very long. There are people who work in this court who live in Delaware. The usury law didn't cross the state line with her. Neither did Pennsylvania speed limits or Pennsylvania's anti-littering laws. These are all state regulated. Well, Pennsylvania speed limits apply until you get to Delaware. And Delaware has speed limits, too. Yes, but they're not bound by Pennsylvania speed limits. Which is, I suppose, why you don't do loans in Pennsylvania. I mean, people go to Las Vegas and they do things that they might not. They get married, according to what I read here on TV. People go to Las Vegas and they might do things that might not be legal in Pennsylvania, but they don't sue for violation of Pennsylvania law. I know. That doesn't really get us off the dime, does it? Okay. Let me just, I see my time is up, but let me just come back to one final, if I may, which is where I started. That I think this Court can determine which state law applies because this Court, the federal courts, determine validity. Well, surely we can. The question is whether we have to. Well, I think under the FAA and the Supreme Court decisions in Howsam and others in the day, that the Court is required to do it, and to the extent that state law informs upon the validity of the arbitration clause, then that's wrapped up into this Court's duty to determine validity. Mr. Campbell, you say at page 45 of your brief that you are subject to administrative sanctions, you being DTL. Yes. By the Delaware Bank Commissioner. I don't see any citations that you gave. What are the administrative sanctions to which DTL is subject? I think everything from taking its license away to monetary sanctions to restrictions. Can you give us a citation for that? Because it doesn't say it, and I tried to find it and couldn't find it. Because, you know, there may be a question as to whether this comes within the jurisdiction of the Delaware Bank Commissioner. I was citing page 45 going on to 46.5 Delaware Code, sections 136, 143. What are those? So you say they can take away your license? In 2209. I mean, I think those set forth. I don't have those provisions in front of me. I just want to know, so you can see that you come within those statutes? Yes. Okay. And we also included in the appendix an amicus brief that the Delaware Bank Commissioner filed in a California Supreme Court action that sets forth the interest of that office in regulating, in that case it was banks, but companies that are licensed and regulated in Delaware. Has anybody ever raised before the Delaware Bank Commissioner the 300 percent interest that you charge for your loans? I do not know. But you're counsel for DTL or just in this case? In this case. Okay. If I knew, I would say, but I just don't know. Okay. Thank you. Thank you. You say two minutes, I think. Yes, Your Honor. Okay, two minutes. If this court could send this case back to an arbitrator without the restrictive clauses and with the ability to do. No, no. We can't send it back to an arbitrator without the restrictive clauses. We can send it back to an, we might be able to send it back to an arbitrator and say you decide if those restrictive clauses are applicable and effective. With the ability of the arbitrator to say, for instance, that the class action waiver is unconscionable. That would be good. Well, that would be up to the arbitrator. Right. I mean, am I wrong? I've read a lot of the Supreme Court cases. Am I wrong in saying that the Supreme Court has more and more said this issue is up to the arbitrator? Well, I think the Basel case commented on it and just said it's a matter of state law. But that could be a matter of state law for the arbitrator to decide. Okay. What I'd like to point out, if I could, just that the cost sharing provision, it's recognized to have a chilling effect. Yeah. We understand that. Okay. And under Gay and under the Johnson case, that chilling effect, if that applies, then the class action waiver has to be unenforceable. Why didn't anybody cite Delta funding? I guess because it was a New Jersey case. But, I mean, you're right that it's not irrelevant. That's right. I mean, I didn't think so. Delaware has no limit on the interest that can be charged, right? Apparently not. But doesn't there come a point in time where you say, yes, but this shocks the country? And it certainly could be unconscionable under Delaware law. I would like to point out on the choice of law question that's been raised, Pennsylvania's Act 6 does have a, but I think this goes more to the merits, but if we can go to the arbitration clause, that's great. It does have, in Section 408, it speaks to choice of law. And that's 41 Pennsylvania Statutes, Section 408. It says, notwithstanding any other law, and that would mean the law of other states incorporated through a choice of law clause, the provisions of this Act, that Fact 6, may not be waived by any oral or written agreement executed by any person. So the provisions of- That doesn't go to conflict of laws. That doesn't go to choice of law. Well, I think it does because it says, notwithstanding any other law. And the first rule of conflicts of law in the restatement of contracts- If Pennsylvania law applies. In other words, if Pennsylvania law applies- Well, this Court has to apply Pennsylvania law. And that statute applies. This Court has to apply Pennsylvania law to select what- Well, there's a question. This Court has to apply Pennsylvania's conflict of law to- You know, that's what we're going to decide after we have our lunch today. Okay. Okay. Well, thank you. Have a good lunch. Thank you very much. Thank you. It's a very interesting case. All the cases today have been interesting. Thank you.